UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FAYE SMITH,
    Plaintiff,

vs.

LOCKHART, MORRIS &
MONTGOMERY, INC.,
    Defendant.

Case No. 1:24-cv-60
Litkovitz, M.J.

**ORDER**

This matter is before the Court defendant's motion to dismiss plaintiff's complaint for failure to state a claim. (Doc. 16). Plaintiff, acting without the assistance of counsel, filed a response, simply stating she would like the case to continue. (Doc. 18). This matter is now ripe for adjudication.

**I. Background**

Plaintiff, Faye Smith, filed a complaint against defendant Lockhart, Morris & Montgomery, Inc. (Lockhart) in Hamilton County Municipal Court, Cincinnati, Ohio, stating only "medical bills was [sic] paid." (Doc. 1 Exh. 2 PAGEID 5). After plaintiff amended her complaint to add federal claims under the Fair Credit Reporting Act (FCRA), Lockhart removed the case to this Court. (Doc. 1). Plaintiff thereafter filed an amended complaint and an "addendum" amended complaint (collectively amended complaint). (Docs. 6 and 9). She asserts claims against Lockhart for violations of various sections of the FCRA, 15 U.S.C. § 1681, *et seq*.

Plaintiff's "addendum" amended complaint sets forth the most factual detail of her allegations. (Doc. 9). Plaintiff states she "filed complain [sic] against [defendant] with

consumer federal trade investigated my document on 5-18-23[.] C.F.R.b.[1] sent me [a] letter stating that [defendant] responded and [they were] told by C.F.R.b to take that debt off my credit report and remove the red flag as of 7-14-23[.] [T]hey still haven't taking [sic] it off my credit report." (Doc. 9 at PAGEID 42). She requests the debt be taken off her credit report, and the "red flag" be removed. (*Id*.). Plaintiff then cites "code section 623(a)(7); 15 U.S.C. 1681s-2(a)(7); 12 CFR 1022.1(b)(2)H[;] code section 623 (a); 15 U.S.C. 1681s(a) []²1581." Thereafter she states:

> On 4-21-21 I call[ed] [E]xperian at 11:58 a.m. [sic] regional manager Jennifer[.] She stated that Lockhart Morris Montgomery bought my debt[;] that [E]xperian took the debt on [sic] then back on my credit report[.] [I]t[']s all filed with C.P.T.b. for demand 12,000 included with fee."

(Doc. 9 at PAGEID 43).

Plaintiff attaches what appears to be a printout from the Consumer Finance Protection Bureau. This document identifies that plaintiff submitted a complaint to it against Lockhart on July 3, 2023, for "Medical debt took or threatened to take negative or legal action." (*Id*. at PAGEID 44). There is a response from Lockhart to plaintiff's complaint to the CFPB, stating it

> is a debt collector. Our client, CF Medical, listed two accounts with our agency on 10-26-22. Validation notices were sent to the consumer on 11-10-22. These notices were not returned to our office as undeliverable. On 4-25-23, the consumer contacted our office to request account details. The consumer made the claim that the accounts were over 7 years old. Our agent supplied the dates of service and clarified the accounts were indeed less than 7 years old. The consumer abruptly ended the call afterward. We have had no direct communication with the consumer since. As a courtesy, we will close the consumer's accounts, and return them to our client. We will request any adverse reporting be removed with our next scheduled update to the credit reporting agencies.

---

[1] Consumer Finance Protection Bureau.
[2] The handwritten marking proceeding "1581" is not easily read. Plaintiff may intend to assert violations of the Fair Credit Reporting Act, 15 U.S.C. § 1581. Regardless, Lockhart does not present arguments regarding this statute in its motion.

(*Id*. at PAGEID 52).

## II. Legal Standard

Defendant filed its motion to dismiss plaintiff's complaint for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)). A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Brent v. Wayne County Dep't of Human Services*, 901 F.3d 656, 694 (6th Cir. 2018); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Although a plaintiff's *pro se* complaint must be "liberally construed" and is "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v.*

3

*Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Twombly*, 550 U.S. at 555 (internal citation and quotation omitted)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

### III. Analysis

Plaintiff cites to 15 U.S.C. §1681s-2(a) and (a)(7) in her pleadings as the statutory bases for the claims she brings against Lockhart. Lockhart moved to dismiss these claims, arguing there is not a private right of action for consumers under these statutory sections of the FCRA. (Doc. 16 at PAGEID 68).

The purpose and relevant sections of the FCRA to the case as bar has been aptly set forth as follows:

> The "FCRA exists 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Boggio v. USAA Fed. Savings Bank*, 696 F.3d 611, 614 (6th Cir. 2012) (quoting *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52 (2007)). "To that end, [15 U.S.C.] § 1681s-2 is designed to prevent 'furnishers of information' from spreading inaccurate consumer-credit information." *Id.* When a consumer believes a "furnisher of information," such as a creditor or bank, has reported inaccurate information to a consumer reporting agency, the consumer must notify the consumer reporting agency of the inaccuracy, and the consumer reporting agency "will then notify the original furnisher and provide it with 'all relevant information regarding the dispute.'" *Id.* (quoting 15 U.S.C. § 1681i(a)(1)-(3)). After receiving this notice, the furnisher must then perform a prompt investigation pursuant to 15 U.S.C. § 1681s-2(b).
>
> The FCRA permits the consumer "to enforce the requirement under § 1681s-2(b) that furnishers of information investigate upon receiving notice of a dispute, but not the requirement under § 1681s-2(a) that furnishers of information initially provide accurate information to consumer reporting agencies." *Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 517 (6th Cir. 2019) (citing *Boggio*, 696 F.3d at 615). However, "consumers must file a dispute with a consumer reporting agency to trigger the furnisher's duty to investigate." *Id.* "A consumer's complaining directly to a furnisher of information about a purported error in the

4

information the furnisher supplied to a consumer reporting agency does not trigger the furnisher's duty to investigate under the FCRA." *Id.* at 517-518.

*Ventre v. Synchrony Bank*, No. 1:21-cv-797, 2022 WL 974343, at *2 (S.D. Ohio Mar. 31, 2022), *report and recommendation adopted*, 2022 WL 2237050 (S.D. Ohio June 22, 2022).

The FCRA itself does not define the term "furnisher." However,

16 C.F.R. § 660.2 defines a "furnisher" as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 16 C.F.R. § 660.2(c); *see* 12 C.F.R. § 1022.41(c) (providing the same definition); *see also Chiang v. Verizon New Eng., Inc.*, 595 F.3d 26, 35 n.7 (1st Cir. 2010) (noting that a furnisher may be "any person with relevant data about a consumer's financial activity[,]" and the "most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, **collection agencies**, and government agencies").

*Alston v. LexisNexis Risk Sols. Inc.*, No. 21-cv-2322, 2022 WL 17735808, at *4 (D.D.C. Dec. 16, 2022) (emphasis added). Accordingly, Lockhart, as a debt collector, is a "furnisher of information" under the FCRA.

Lockhart argues plaintiff's claims must be dismissed because there is no private right of action under §1681s-2(a), as cited, in part, in plaintiff's amended pleadings. However, because "pro se pleadings are held to a less stringent standard than formal pleadings drafted by lawyers," courts find "substantial justice' [is better served] by examining the 'thrust, not just the text,' of pro se litigants' allegations." *Phoenix v. Dep't of the Army*, No. 3:17-cv-00598, 2019 WL 418438, at *5 (W.D. Ky. Feb. 1, 2019) (quoting *Taylor v. 3B Enters., LLC*, No. 3:13-cv-259, 2014 WL 4916334, at *2 (W.D. Ky. Sept. 30, 2014)) (internal citations omitted).

Plaintiff's amended complaint, albeit sparsely pled, not only makes a claim as to the inaccuracy of the disputed medical debt reported by Lockhart, but she also alleges she made a complaint to the Consumer Finance Protection Bureau and called Experian to complain about the debt she alleges is in error on her credit report. (Doc. 9 at PAGEID 43, 44, 52). Thus, a fair

reading of the "thrust" of plaintiff's pleadings supports a claim under 15 U.S.C. § 1681s-2(b), rather than under simply §1681s-2(a).

Section 15 U.S.C. § 1681s-2(b) allows a "consumer[] [to] step in to enforce [her] rights only after a furnisher has received proper notice of a dispute from a CRA." *Boggio*, 696 F.3d at 615–16. Given the allegations in plaintiff's pleadings before the Court, combined with the attached documentation regarding her complaints to the CFPB and Experian, the Court finds plaintiff's pleadings sufficient to state a cause of action under 15 U.S.C. § 1681s-2(b).

The Sixth Circuit has held that the investigation a furnisher takes must be a reasonable one, and anything less "would frustrate Congress's goal to create a system that permits consumers to dispute credit inaccuracies." *Boggio*, 696 F.3d at 616. "A consumer may show a violation of an information furnisher's duty under § 1681s–2(b)(1)(A) by showing that the furnisher's investigation was not reasonable." *Id.* (citations omitted). "Whether a furnisher has acted reasonably in discharging its section 1681 s–2(b) duties is generally a question of fact for the jury." *Ferrarelli v. Federated Fin. Corp. of Am.*, No. 1:07-cv-685, 2009 WL 116972, at *5 (S.D. Ohio Jan. 16, 2009) (citing *Westra v. Credit Controls of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005)). At this stage in the litigation, it is not the Court's role to consider the merits of plaintiff's claims or whether Lockhart's acted reasonably once notified of the disputed information. Rather, the question before the Court is simply whether plaintiff's allegations are sufficient to allow a claim under 15 U.S.C. § 1681s-2(b) to proceed. The Court concludes they are.

Lockhart next argues plaintiff has not alleged any factual basis that Lockhart is a consumer reporting agency regarding plaintiff's claims under 15 U.S.C. §1681c-1 and 1681i. The Court agrees. Nothing in plaintiff's pleadings suggest Lockhart is a consumer reporting

agency. On the other hand, plaintiff attaches Lockhart's response to the Consumer Finance Protection Bureau's inquiry, stating it is a "debt collector." (Doc. 9 at PAGEID 52). As earlier reviewed, debt collectors are "furnishers of information" under the FCRA. *See, e.g., Alston*, 2022 WL 17735808, at *4.

Lockhart cannot be both a furnisher of information and a consumer reporting agency under the FCRA for its actions as alleged in this case.[3]

> [A]n entity "is not a furnisher when[,]" 16 C.F.R. § 660.2(c), *inter alia*, it "[i]s acting as a 'consumer reporting agency[,]' as defined in [§] 603(f) of the [Act,]" *id.* § 1022.41(c)(2). Section 603(f) states that a "consumer reporting agency" is
>> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.
>
> 15 U.S.C. § 1681a(f). Therefore, when read together, these provisions provide that an entity "that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report[,]" 16 C.F.R. § 660.2, is <u>not</u> acting as a furnisher, *see id*. § 660.2(c)(3), when it is "preparing or furnishing consumer reports[,]" 15 U.S.C. § 1681a(f). In sum, a single entity cannot be both the furnisher of information to a consumer reporting agency <u>and</u> the consumer reporting agency receiving that same information.

*Alston,* 2022 WL 17735808, at *4. Thus, Lockhart as a furnisher of information cannot also be a credit reporting agency under the allegations in this case.

Both 15 U.S.C. §1681c-1 and 1681i are directed at the duties of a consumer reporting agency, not a furnisher of information. Section §1681c-1 governs a consumer reporting agency's duty regarding a consumer's complaints of identity theft, *Merritt v. Experian*, 560 F. App'x 525,

---

[3] To be clear, however, "the regulations do not state that an entity may not *at different times* and *in regards to different information* sometimes act as a consumer reporting agency and sometimes act as a furnisher of information to other agencies." *Alston,* 2022 WL 17735808, at *4 (emphasis added).

7

528 (6th Cir. 2014), while Section 1681i(a)(1)(A) governs the procedures a consumer reporting agency must follow if a consumer disputes the accuracy of any information in a consumer's file. *Turner v. Experian Info. Sols., Inc.*, No. 17-cv-3795, 2018 WL 3648282, at *2 (6th Cir. Mar. 1, 2018). Because Lockhart is not a consumer reporting agency, its motion to dismiss plaintiff's claims under 15 U.S.C. §1681c-1 and 1681i is well-taken.

## IV. Conclusion

For the reasons as stated, Lockhart's motion to dismiss (Doc. 16) is **DENIED IN PART** as to plaintiff's claims under 15 U.S.C. § 1681s-2(b) and **GRANTED IN PART** as plaintiff's claims brought under 15 U.S.C. §1681c-1 and 1681i.

**IT IS SO ORDERED.**

Date: 6/12/2024

Karen L. Litkovitz
Chief United States Magistrate Judge